IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

EUGENE JACKSON,

    Petitioner,

       v.                                       CIVIL NO.: WDQ-10-0922

JOE COAKLEY,

    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Eugene Jackson's petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he seeks credit toward a District of Columbia (D.C.) sentence for time served in custody and on parole.[1] For the following reasons, the Warden's[2] motion for summary judgment will be granted, and Jackson's motion for appointment of counsel and petition for writ of habeas corpus will be denied.

I.      Background[3]

Jackson is confined in the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland") and claims he is entitled to credit for time spent on parole. ECF No. 1. On November 23, 1983, Jackson was sentenced to a term of 15 years for burglary and grand larceny

---

[1] No hearing is necessary. *See* Local Rule 105.6 (Md. 2010).

[2] Jackson is confined in the Federal Correctional Institution in Cumberland, Maryland; J. F. Caraway, the Warden, will be substituted for former Warden Joe Coakley as respondent. *See* Fed. R. Civ. P. 25(d).

[3] In reviewing the Warden's motion for summary judgment, Jackson's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

in the Superior Court for the District of Columbia. ECF No. 1 at 9 & Ex. 1. On April 21, 1988, Jackson was released on parole with a total of 3,392 days remaining unserved on the 15-year term. On August 31, 1988, a parole violation warrant was issued against Jackson. The warrant was executed on April 21, 1989. ECF No. 14, Ex. 1F.

On May 7, 1990, in the Circuit Court for Montgomery County, Maryland, Jackson was sentenced to a term of 10 years for three counts of daytime housebreaking. The sentence was to run concurrently with the D.C. sentence. ECF No. 1 at 10. Jackson's D.C. parole was revoked because of the Maryland convictions, and he was returned to a federal facility. *Id.*

On October 10, 1991, Jackson was "transferred to FCI Petersburg." He states that at the time of his transfer there were 2,488 days unserved on the parole violation term. *Id.* Jackson alleges he was not given credit for time spent at FCI-Petersburg from October 10, 1991 through April 10, 1992 (181 days).[4] ECF No. 1 at 10.

On April 10, 1992, the D.C. Board of Parole paroled Jackson to a detainer so he could begin serving the Montgomery County sentence. ECF No. 14, Ex. 1G. Jackson remained subject to D.C. parole supervision until August 2, 1998. *Id.*

Jackson also seeks credit for time served in Maryland correctional facilities from April 11, 1992 through July 30, 1993 (475 days). *Id.* Jackson asserts that the Montgomery County sentence was ordered to run concurrently with the D.C. parole violation term, and the D.C. Board of Parole had specified that the parole violation term would run concurrently with the Maryland sentence. *Id.* Jackson also asserts that the D.C. Board of Parole gave him credit toward the expiration of his D.C. sentence for the time served in the custody of the Maryland Division of

---

[4] The Warden states that the Bureau of Prisons calculated 1,086 days served toward the parole violator term, leaving a balance of 2,305 days remaining to serve on that term. ECF No. 14, Ex. 1M at 1.

Correction (the "Maryland DOC") but the 475 days were not credited by the Bureau of Prisons. *Id.*

Jackson was paroled from Maryland on July 30, 1993. *Id.* at 11; ECF No. 14, Ex. 2. A parole violation warrant was issued by the D.C. Parole Board on December 2, 1993, as a result of an unlawful entry arrest. On February 4, 1994, the parole violation warrant was executed. ECF No. 1, Ex. 2. Jackson was incarcerated in the D.C. Department of Corrections (the "D.C. DOC") from February 4, 1994 through January 3, 1995. ECF No. 14, Ex. 1H.

On March 11, 1994, Jackson pled guilty to two counts of unlawful entry and received a six-month suspended sentence and 18 months of supervised probation. ECF No. 1, Exs. 3–4. Jackson states he remained incarcerated from March 12, 1994 through January 13, 1995 because of the parole retake warrant, and he was not credited for the time spent in D.C. correctional facilities awaiting parole revocation. *Id.* at 11. He seeks credit for 307 days. *Id.* at 11. The Warden states that Jackson has been credited with the 334 days from February 4, 1994 to January 3, 1995,[5] ECF No. 14, Ex. 1, which he had not sought.

Jackson seeks credit for April 15, 1992 through July 30, 1993, when he was in the Maryland DOC serving a sentence concurrent with the D.C. parole violation period. ECF No. 29 at 8–12. He requested the D.C. DOC to designate the Maryland DOC as the place of confinement for service of his concurrent D.C. and Maryland sentences, and was transferred at his request. Another parole retake warrant was executed on February 4, 1994 and, by order dated June 27, 1994, Jackson's parole was revoked. ECF No. 15, Ex. 2 at 56. He claims that because the Parole Board did not order any of the time he spent on parole to be forfeited, he should be given credit for April 15, 1992 through July 30, 1993. *Id.*

---

[5] Jackson does not dispute the dates asserted by the Warden even though they differ from the dates he alleged in the petition.

Jackson states he attempted to obtain documentation to establish his custody in the D.C. correctional facility, but he was informed his records were destroyed. ECF No. 1 at 12. He claims his rights were violated by the destruction of his records. *Id.*

On April 14, 2010, Jackson filed a petition for writ of habeas corpus, seeking that the Bureau of Prisons credit his D.C. sentence for the time he served in the D.C. DOC and Maryland DOC. ECF No. 1 at 9. On August 4, 2010, Jackson moved for appointment of counsel. ECF No. 11. On August 20, 2010, the Warden moved to dismiss or for summary judgment. ECF No. 14. On November 30, 2010, Jackson opposed that motion. ECF No. 29. On January 21, 2011, the Warden filed his reply. ECF No. 35.[6]

II. Analysis

  A. Jackson's Motion for Appointment of Counsel

Jackson seeks appointment of counsel. ECF No. 11. Under 28 U.S.C. § 1915(e)(1), a federal court may "request an attorney to represent any person unable to afford counsel." Appointing counsel is for "exceptional" circumstances when a *pro se* litigant lacks the capacity to present a colorable claim. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Harris v. Salley*, 339 F. App'x 281, 284 (4th Cir. 2009). Jackson has shown the ability adequately to present his arguments. *See* ECF No. 1 at 1–14; *id.*, Exs. 1–13 (detailing the legal and factual bases of his claims and including relevant exhibits). His motion for appointment of counsel will be denied.

---

[6] The Warden's motions for extension of time to reply, ECF Nos. 31, 34, will be granted *nunc pro tunc*. Jackson's motions for extension of time to file a surreply and leave to file a surreply, ECF Nos. 36–37, will be denied because the issues have been fully briefed.

B. The Warden's Motion to Dismiss or for Summary Judgment

1. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. The Court should "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

If the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, it treats the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). "When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

Under Rule 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[7] In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

---

[7] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

5

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

2. A Portion of the Petition Is Moot

The Warden asserts the Bureau of Prisons has recomputed Jackson's sentence, and he has been credited for the period from October 10, 1991 through April 10, 1992. Jackson has also been credited with all but ten days of the period from March 12, 1994 through January 13, 1995, and February 4 through March 11, 1994. The Warden also states that Jackson has been credited for April 10–14, 1992, and January 5–24, 2006. ECF No. 35. The Warden maintains that Jackson is not entitled to credit for April 15, 1992 through July 30, 1993.

The claim for credit from October 10, 1991–April 10, 1992, March 12, 1994–January 13, 1995,[8] February 4–March 11, 1994, April 10–14, 1992, and January 5–24, 2006, is moot because Jackson has received that credit. There is no live case or controversy about those periods. *See United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (a case is moot when the issues are no longer "live," or the parties have no cognizable interest in the outcome).

3. The Remaining Claim Is Without Merit

The time that remains disputed is April 15, 1992 through July 30, 1993. Jackson was

---

[8] Jackson also asserts that when he filed a Freedom of Information Act ("FOIA") request with the D.C. DOC for records that would have proven he was in custody from March 12, 1994 to January 13, 1995, he was informed that those files had been destroyed pursuant to the D.C. DOC's document retention and disposition policy. ECF No. 1 at 12. The Bureau of Prisons has credited him for all but ten days in that period. Further, the D.C. Superior Court is the proper venue to assert grievances under D.C.'s FOIA. D.C. Code § 2-537.

6

paroled from his original D.C. sentence to a Maryland detainer on April 10, 1992. ECF No. 14, Ex. 1 at 2, Ex. 1G. From April 15, 1992 through July 30, 1993, Jackson was "on parole" from his D.C. sentence even though he was incarcerated in a Maryland prison. On June 27, 1994, the Parole Board revoked Jackson's parole for the time he was confined in a Maryland prison. Jackson is not entitled to credit against his D.C. sentence for the time spent in a Maryland prison because his D.C. parole was revoked. ECF No. 16, Ex. 2 at 56. The decision to revoke parole provided for a "24 month set-off" so that Jackson could enroll in a residential drug treatment program. *Id*. There is no indication that any time spent on parole would be credited.

"[I]t has been clear from the beginning that whatever credit a District of Columbia prisoner received, as a general rule, for time served on parole, a revocation of parole created an exception." *U.S. Parole Comm'n v. Noble*, 693 A. 2d 1084, 1089 (D.C. 1997). Under the applicable statute:

> If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence. The *time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.*

D.C. Code §24-206(a) (emphasis added).

In short, when parole is revoked, time spent under parole supervision is not credited. *See Davis v. Moore*, 772 A.2d 204, 216 (D.C. 2001) (section 24-206(a) requires forfeiture of street time upon revocation of parole); *see also Johnson v. Kindt*, 158 F.3d 1060, 1063 (10th Cir. 1998) (same).

7

III.     Conclusion

For the reasons stated above, the Warden's motion for summary judgment will be granted, and Jackson's motion for appointment of counsel and petition for writ of habeas corpus will be denied.

<u>February 25, 2011</u>  /s/
Date                       William D. Quarles, Jr.
                           United States District Judge